FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 28, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAYMOND DARNELL BROWN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NAPHCARE INC, SPOKANE COUNTY, DR. ELLIOT WADE, CHRISTIAN J. GUTSHE, JANE DOE DANAE, JANE DOE MELISSA B, JANE DOE LPN #3, JANE DOE LPN #4, and JANE DOE MAVIS,<br><br>　　　　　　Defendants. | NO. 4:24-CV-5069-TOR<br><br>ORDER GRANTING MOTIONS TO DISMISS |

BEFORE THE COURT are Defendants Jane Doe Mavis and Spokane County's Motion to Dismiss (ECF No. 35) and Defendants NaphCare Inc, Spokane County, Elliot Wade, Jane Doe Danae, Christian J. Gutshe, and Jane Doe Melissa B's Motion to Dismiss (ECF No. 39). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files

ORDER GRANTING MOTIONS TO DISMISS ~ 1

herein and is fully informed.  For the reasons discussed below, both Motions to Dismiss (ECF Nos. 35, 39) are **GRANTED**.

## BACKGROUND

Plaintiff filed his original complaint on June 26, 2024, alleging violations of his rights under the Fourteenth, First, Sixth and Fourth Amendments.  ECF No. 1.  The Court subsequently screened the complaint and ordered Plaintiff to file an amended complaint to correct several deficiencies.  ECF No. 11.  Plaintiff filed an amended complaint ("FAC") on December 18, 2024.  ECF No. 14.  After an additional screening, the Court permitted Plaintiff's Fourteenth Amendment violations claims to proceed against the named Defendants above.  ECF No. 18.

The Court provided a detailed overview of Plaintiff's factual allegations against Defendants in its previous Order directing Plaintiff to amend his complaint. ECF No. 11.  To summarize, Plaintiff alleges Defendants violated his Fourteenth Amendment right to adequate medical care related to injuries he sustained from a fall while working in the Spokane County Detention Center's kitchen around January 24, 2020, and a spider bite on an unspecified date.  ECF No. 14.  Plaintiff alleges that the fall caused serious injuries to his hand and back resulting in the need for medical services that was "obvious even to the casual observer." *Id.* at 11.  However, despite months of medical requests for care, Plaintiff alleges Defendants refused to provide adequate care resulting in permanent injury to his

ORDER GRANTING MOTIONS TO DISMISS ~ 2

1  right hand and back, carpal tunnel nerve damage, permanent mobility loss, and
2  other pain and suffering. *Id.* at 15.
3       Defendants Jane Doe Mavis and Spokane County, and the remaining
4  Defendants[1] move to dismiss Plaintiff's claims for failure to state a claim. ECF
5  Nos. 35, 39.

**DISCUSSION**

**A. Dismissal under Local Rule 7(c)(2)(A)(ii)**

8       The motions for dismissal were filed on March 28, 2025, and noted for
9  hearing on May 19, 2025. ECF Nos. 35, 39. Per Local Rule 7(c)(2)(A)(ii),
10 Plaintiff's response to each motion was due on April 28, 2025. Both the Spokane
11 County Defendants and the Court attempted to provide notice to Plaintiff by mail
12 via the provided address in Plaintiff's FAC, however each was returned as non-
13 deliverable. ECF Nos. 43 at 3, 42. As a result Plaintiff did not respond to either

---

[1] Defendants assert that despite diligent efforts to learn the identify of Jane Doe LPN #3 and Jane Doe LPN #4, they have been unable to do so due to the lack of sufficient information to make an identification with reasonable confidence. ECF No. 39 at 8. Even so, Defendants argue Plaintiff's claims against Jane Doe LPN #3 and Jane Doe LPN #4 must also be dismissed for failure to plead the necessary elements. *Id.* at 15.

motion to dismiss by the April 28 deadline. Defendants of both motions argue Plaintiff's failure to respond warrants dismissal of his FAC. ECF Nos. 43 at 3, 44 at 2.

Failure to comply with filing deadlines "may be deemed consent to the entry of an order adverse to the party who violates these rules." LCivR 7(e). Plaintiff was required to notify both the Court and opposing parties of any changes in his address per Local Rule 41(b)(2). Plaintiff did not file a notice of change of address with the Court until the noted hearing date on the motions to dismiss (ECF No. 45), over a month after mail sent to him was returned as undeliverable (ECF No. 42). Because the noted hearing date has now passed and Plaintiff failed to file any opposition to either motion, or provide an explanation as to why he waited so long to file a notice of change of address, the Court may deem Plaintiff to have consented to an entry of an Order granting each Motion to Dismiss pursuant to Local Rule 7(e).

**B. Dismissal under Fed. R. Civ. P. 12(b)(6)**

A substantive review of Plaintiff's claims also warrants dismissal. Defendants move to dismiss Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF Nos. 35 at 8-9, 39 at 11-12. A motion to dismiss for failure to state a claim "tests the legal sufficiency" of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand

1 | dismissal, a complaint must contain "enough facts to state a claim to relief that is
2 | plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A
3 | claim has facial plausibility when the plaintiff pleads factual content that allows
4 | the court to draw the reasonable inference that the defendant is liable for the
5 | misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation
6 | omitted). This requires the plaintiff to provide "more than labels and conclusions,
7 | and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. While a
8 | plaintiff need not establish a probability of success on the merits, he or she must
9 | demonstrate "more than a sheer possibility that a defendant has acted unlawfully."
10 | *Iqbal*, 556 U.S. at 678.

11 | When analyzing whether a claim has been stated, the Court may consider the
12 | "complaint, materials incorporated into the complaint by reference, and matters of
13 | which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian
14 | Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (*citing Tellabs, Inc. v. Makor
15 | Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A complaint must contain "a
16 | short and plain statement of the claim showing that the pleader is entitled to relief."
17 | Fed. R. Civ. P. 8(a)(2). A plaintiff's "allegations of material fact are taken as true
18 | and construed in the light most favorable to the plaintiff[,]" however "conclusory
19 | allegations of law and unwarranted inferences are insufficient to defeat a motion to
20 | dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399,

ORDER GRANTING MOTIONS TO DISMISS ~ 5

1403 (9th Cir. 1996) (citation and brackets omitted).

Defendants in both motions contend Plaintiff's § 1983 claims are time barred by Washington's statute of limitations. ECF Nos. 35 at 9, 39 at 8. "Without a federal limitations period, the federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Under Washington State law, the statute of limitations for personal injury claims is three years. RCW § 4.16.080. The clock begins to run starting from the time when the individual knows or has reason to know they suffered an injury that is the basis for their claim. *TwoRivers*, 174 F.3d at 991.

The majority of Plaintiff's claims stem from an alleged injury that occurred on January 20, 2020 that the Plaintiff noted as "obvious to any person." Yet Plaintiff did not file his initial complaint until June 26, 2024, thus any claims arising prior to June 26, 2021, are time barred under Washington law. Washington law permits equitable tolling when justice so requires where a plaintiff demonstrates they exercised diligence in filing and the defendant's bad faith, deception, or false assurances interfered with the plaintiff's diligence. *Fowler v. Guerin*, 200 Wash. 2d 110, 116 (2022).

Plaintiff previously claimed in his initial complaint he was entitled to equitable tolling because he did not get confirmation of his injuries until

ORDER GRANTING MOTIONS TO DISMISS ~ 6

September 10, 2021 due to Naphcare and Spokane County repeatedly claiming Plaintiff's x-ray and MRI results were negative. ECF No. 1 at 37. The Court permitted such tolling *for screening purposes only*. ECF No. 11 at 16. However, Plaintiff still bore the burden of proof to demonstrate equitable tolling was proper. Plaintiff has failed to provide sufficient factual allegations within his FAC on how, or until when, his claims were tolled. Plaintiff repeatedly states that immediately after the fall and in the months following, Defendants knew or should have known his injuries were severe and his need for medical services was "obvious to even the casual observer." ECF No. 14 at 8, 9, 11, 14. Therefore, Plaintiff has not demonstrated equitable tolling to be proper as to any claims arising prior to June 26, 2021.

Plaintiff raises two claims that allegedly occurred after June 26, 2021 involving Defendants Christian J. Gutshe, P.A. ("Gutshe"), and Jane Doe Danae, P.A. ("Danae"). But the only factual allegations Plaintiff provides is that from July-August 2021, Gutshe and Danae both "claimed all results were negative." ECF No. 14 at 16. Defendants argue these allegations against Danae and Gutshe do not establish a Fourteenth Amendment claim. ECF No. 39 at 14.

A pre-trial detainee's claim for violations of a right to adequate medical care under the Fourteenth Amendment is evaluated under an objective deliberate indifference standard. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th

1  Cir. 2018).  The pre-trial detainee must meet the following elements:

2      (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

7  *Id.* at 1125.

8      Plaintiff does not provide any other factual context for his encounters with Gutshe and Danae that establish the necessary elements for a violation of adequate medical care under the Fourteenth Amendment.  Accordingly, dismissal of the claims against Gutshe and Danae is also proper.

12      Finally, Plaintiff does not provide sufficient factual allegations related to his spider bite that permits the Court to provide any sort of analysis of the related claims.

15  //
16  //
17  //
18  //
19  //
20  //

ORDER GRANTING MOTIONS TO DISMISS ~ 8

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants Jane Doe Mavis and Spokane County's Motion to Dismiss (ECF No. 35) is **GRANTED**.

2. Defendants NaphCare Inc, Spokane County, Elliot Wade, Jane Doe Danae, Christian J Gutshe, and Jane Doe Melissa B's Motion to Dismiss (ECF No. 39) is **GRANTED**.

3. The case is **DISMISSED** without prejudice.

The District Court Executive is directed to enter this Order, furnish copies to counsel, forward a copy to Plaintiff as his new address, and **CLOSE** the file.

DATED May 28, 2025.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTIONS TO DISMISS ~ 9